**\*E-Filed 07/07/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YVONNE HODGE, | Case No. C 09-04719 RS |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR A MORE DEFINITE STATEMENT** |
| OAKLAND UNIFIED SCHOOL DISTRICT, ROBERTA MAYOR, as Superintendant, ANTHONY SMITH, as Superintendent, BOARD OF EDUCTION, individually and as Trustees, KIM NOBLE, as an individual and in official capacity, LISA RYAN COYLE, as an individual and in official capacity, JACK O'CONNELL, as state trustee, PHYLLIS HARRIS, in individual and official capacity, IRIS WESSELMAN, as an individual and official capacity, | |
| Defendants. | |

## I. INTRODUCTION

This case involves an acrimonious employment relationship between plaintiff Yvonne Hodge ("Hodge") and the Oakland Unified School District ("OUSD"). Hodge has sued OUSD, the Board of Education and various individual employees for alleged harassment and discriminatory hiring practices. Her first amended complaint ("FAC") alleges: (1) violations of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) two claims for violations of the Fourteenth Amendment; and (3) violations under Section 504 of the Rehabilitation Act, California Education Code section 56046 and the First Amendment. Defendants move to dismiss each claim. For the reasons stated below, the motion to dismiss is granted with leave to amend. The motion for a more definite statement is denied.

## II. BACKGROUND

According to the FAC, Hodge was employed as a special education teacher with the OUSD starting in August 1997. She reported to, and worked under, defendants Phyllis Harris ("Harris"), Iris Wesselman ("Wesselman"), Kim Noble ("Noble"), Lisa Cole ("Cole") and Terry Watts ("Watts").[1] FAC ¶ 11. Hodge alleges that the defendants engaged in a "series of incidents of retaliation and racial and age disparagement and harassment which began on or about February 1999 and which constitute a continuing violation of Plaintiff's Title VII rights and protections under Section 504 of the Rehabilitation Act." FAC ¶ 13. As averred in the FAC, Hodge suffered harassment and retaliation because of her age, her race, and because she had "advocated" on behalf of special education students whose rights were being violated by the OUSD. FAC ¶¶ 32, 38, 81-83.

Hodge lists a series of actions by the defendants that she alleges constituted unlawful harassment.[2] First, the FAC makes a number of references to the summer of 2008, when Wesselman reassigned Hodge to a class instructing autistic children, including one severely epileptic child who required constant monitoring, for which Hodge lacked experience. FAC ¶¶ 14, 19. The FAC avers that, at some point during the summer, Wesselman and Noble instructed Hodge's classroom aides to stop performing their typical aide duties. As a result of having to handle the duties typically reserved for teachers' aides, Hodge was unable to spend sufficient time with her students and consequently received a negative teacher's evaluation from Noble. FAC ¶¶ 15-20. During this time, the FAC avers, Wesselman also made threatening comments to Hodge. FAC ¶ 47. In addition to the issues resulting from her summer 2008 assignment, Hodge also alleges that Harris regularly called her on short notice to review her schedule, that Harris enlisted other employees to spy on her, and that OUSD gave her an unworkable schedule which it constantly changed without notice. FAC ¶¶ 24, 25, 27-30. The FAC also makes general

---

[1] Although the FAC refers to Watts, Watts is not actually a named defendant.
[2] At various places in the FAC, plaintiff refers to individual defendants. At other places, she refers to "defendants" generally. She does not, however, refer specifically to defendants Mayor, Smith, Board of Education or O'Connell.

1 allegations that Hodge was blacklisted, deprived of benefits available to other teachers,
2 sabotaged and singled out for termination. FAC ¶¶ 33, 39, 81.

3       Lastly, Hodge alleges that she was unfairly rejected for a summer school position in 2009
4 because she did not have the proper teacher's credential. FAC ¶ 21. When Hodge notified
5 OUSD that she was rejected because she lacked the necessary credentials, however, she was told
6 that "the [teacher credential] rule did not exist, that summer school teachers were invited to
7 apply." FAC ¶ 21. According to the FAC, "[s]uch invitation discriminated against Mrs. Hodge
8 and other (sic) of her race and age." FAC ¶ 21. The basis of this allegation appears to be the fact
9 that, as averred in the FAC, the hiring practice was (1) imposed without notice, (2) arbitrary, and
10 (3) designed to exclude Hodge and other African-American teachers. FAC ¶ 74. The FAC goes
11 on to aver that "[d]uring this time, defendants hired additional teachers who were, younger, less
12 qualified and even unqualified." FAC ¶ 22. Specifically, "Caucasian substitute teachers, who
13 lack teaching credentials, and/or education credentials, had been given summer teaching
14 positions." FAC ¶ 23.

15       Hodge alleges that she gave OUSD "actual notice of racial and (sic) discrimination and
16 harassment on or about October 6, 2008, by filing an Original Complaint with Equal
17 Employment Opportunity Commission and in the summer of 2009 by personal letter to the
18 Superintendent and general counsel." FAC ¶ 54. However, according to the FAC, OUSD failed
19 to investigate Hodge's complaint and failed to take adequate remedial action. FAC ¶ 55-56.

20       Based on these allegations, Hodge states four claims for relief. Defendants move to
21 dismiss those claims under Federal Rule of Civil Procedure 12(b)(6). Defendants also move for
22 a more definite statement. The parties presented oral argument on the motions in this Court on
23 June 3, 2010.

24 //
25 //
26 //
27 //
28 //

III. LEGAL STANDARD

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 US 544, 570 (2007)). In other words, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id*. A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Accordingly, under Rule 12(b)(6), which tests the legal sufficiency of the claims alleged in a complaint, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The issue on a motion to dismiss for failure to state a claim, then, is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citations omitted).

When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 US at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," however, "do not suffice" in defeating a motion to dismiss for failure to state a claim. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 US at 555). Weighing a claim's plausibility is a "context-specific" determination that requires the reviewing court "to draw on its experience and common sense." *Id*. at 1940.

Review of a motion to dismiss under Rule 12(b)(6) "is generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which [the court] may take judicial notice." *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 989 (9th Cir. 2009) (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008)).

III. DISCUSSION

A. <u>Title VII</u>

In their motion to dismiss, defendants argue that Title VII provides no cause of action against the named individuals acting in their personal capacities and, to the extent that any of those named individuals are sued in their official capacities, they are redundant and should be dismissed. Mot. at 4. Although difficult to discern, plaintiff argues in her opposition that she "seeks injunctive relief from individual defendants to cease discrimination," and therefore her "allegations against defendants in their individual capacity and individuals in their official capacity, as well as the entity should withstand Defendants (sic) Motion to Dismiss." Opp. at 4. She also cites a number of cases that address the qualified immunity doctrine, which is not applicable to a Title VII discussion.

It is well settled that "Title VII does not provide a cause of action for damages against supervisors or fellow employees." *Holly D. v. Calif. Inst. of Tech.*, 339 F.3d 1158, 1179 (9th Cir. 2003). Additionally, a number of courts have held that, because an employee sued in his official capacity is a "person" under Section 1983 where a local government agency would be suable in its own name, "when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed." *Luke v. Abbott*, 954 F.Supp. 202, 203 (C.D. Cal. 1997) (citing *Vance v. County of Santa Clara,* 928 F.Supp. 993, 996 (N.D.Cal. 1996).

Here, although plaintiff's opposition makes reference to the "defendants in their individual capacity," it presents no arguments as to how the individual defendants could be properly named in their personal capacities, or as to why it would be appropriate to include both the OUSD and the individuals in their official capacities. Plaintiff's counsel provided no further reasoning or explanation on that question at oral argument. Additionally, were plaintiff able to secure injunctive relief, which appears to be her sole claim for relief under Title VII, such relief would necessarily be against OUSD, and by definition applicable to the individual defendants. Therefore, as to count one, the motion to dismiss is granted with leave to amend and the individual defendants are dismissed with prejudice.

5

B.      Fourteenth Amendment

As a preliminary matter, counts two and three of the FAC appear duplicative in that the factual basis for each seems to be OUSD's refusal to hire Hodge in 2009. In addition, while both counts appear to state claims for violations of Hodge's Fourteenth Amendment right to due process, an individual has no cause of action directly under the Constitution, but rather must avail herself of 42 USC section 1983 ("Section 1983") to allege a violation of a constitutional right. *Golden Gate Hotel Ass'n v. City and County of San Francisco*, 18 F.3d 1482, 1486-1487 (9th Cir. 1994) (citations omitted). To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Ketchum v. Alameda County,* 811 F.2d 1243, 1245 (9th Cir. 1987).

Nevertheless, even where those two elements are met, not every injury in which a governmental agency played a role is actionable under Section 1983. This is because the Eleventh Amendment to the United States Constitution precludes suits against a state, state entity or state official sued in her official capacity, unless the state has waived its immunity or Congress has exercised its power to override that immunity.[3] *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 65-71 (1989). While the Eleventh Amendment does not bar suits against cities and counties, which are not arms of the state, *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977), the Ninth Circuit has held that California school districts *are* state agencies, and therefore are immune from suit in federal court. *See Belanger v. Madera Unified School Dist.,* 963 F.2d 248, 254 (9th Cir. 1992); *O.H. v. Oakland Unified School Dist.*, No. C-99-5123 JCS, 2000 WL 33376299 at *3 (N.D. Cal. Apr. 14, 2000).

In the summary portion of her opposition, Hodge cites *Hafer v. Melo*, 502 US 21 (1991), which stands for the proposition that state officials may be liable in their personal capacity for

---

[3] Congress may provide for private suits against states or state officials which are constitutionally impermissible in other contexts, as it has done with Title VII. *See Fitzpatrick v. Bitzer,* 427 U.S. 445 (1976) (Title VII's authorization of federal-court jurisdiction to award money damages against a state government to individuals subjected to employment discrimination does not violate the Eleventh Amendment since Congress was exercising its § 5 remedial powers).

1  damages under Section 1983 based upon actions taken under color of state law.  The Court in
2  *Hafer* went on to hold that "officials sued in their personal capacities, unlike those sued in their
3  official capacities, may assert personal immunity defenses such as objectively reasonable
4  reliance on existing law." 502 US at 362.  Because neither party sufficiently addresses the issue
5  of qualified immunity, however, the Court will not reach that issue in ruling on the motion to
6  dismiss.  Moreover, despite her single reference to *Hafer* in the summary section, plaintiff omits
7  any discussion of damages against the individual defendants in their personal capacities in the
8  body of her argument.  Rather, in her opposition to defendants' motion to dismiss counts two and
9  three, plaintiff limits her argument to claims for injunctive and declaratory relief.  In support of
10 this argument, she cites *Ex parte Young*, 209 US 123 (1908), which held that prospective relief
11 against a state official in his official capacity to prevent future federal constitutional or federal
12 statutory violations is not barred by the Eleventh Amendment.  To allege a proper claim under
13 *Ex parte Young*, the plaintiff must demonstrate "an ongoing violation of federal law" and seek
14 "relief properly characterized as prospective." *Verizon Maryland, Inc. v. Public Service Com'n*
15 *of Maryland*, 535 U.S. 635, 645 (2002).

16    Given the ambiguity in the FAC and in plaintiff's opposition, it is unclear in which
17 capacity the individual defendants have been named.  Therefore, the Court cannot rule on
18 whether Hodge has stated a proper Section 1983 claim against any of the individual defendants.
19 Because OUSD is immune from suit in federal court, however, the motion to dismiss counts two
20 and three is granted with leave to amend.  OUSD is dismissed with prejudice as to counts two
21 and three, and plaintiff is directed to indicate in which capacity she is suing the individual
22 defendants.  Further, to the extent that there is a claim under Section 1983, premised upon the
23 Fourteenth Amendment, plaintiff is directed to place it in one claim for relief.
24 //
25 //
26 //
27 //
28 //

C.      Rehabilitation Act Claim, State Law Claim and First Amendment Claim

Count four of the FAC appears to be a combination of three claims: that defendants retaliated against Hodge in violation of 29 U.S.C. section 794 (the "Rehabilitation Act"); that defendants violated Hodge's First Amendment rights; and that defendants violated California Education Code section 56046. As these claims would more appropriately be plead separately in the first instance, each will be addressed individually below.

The analysis applicable to Hodge's Title VII claim applies equally to her claim under the Rehabilitation Act. *Mahoney v. U.S. Postal Service*, 884 F.2d 1194, 1196 fn 1 (9th Cir. 1989) ("Although [plaintiff] claims violation of both Title VII and the Rehabilitation Act, the Rehabilitation Act simply makes available to victims of handicap discrimination the rights and remedies embodied in Title VII. Thus, the following analysis is applicable to both claims." (citations omitted)). In other words, as with the Title VII claim, no cause of action exists under the Rehabilitation Act against employees in their personal capacities, and suits against individual defendants in their official capacities are redundant when a local government entity is also named in the complaint. *See Holly D.*, 339 F.3d at 1179; *Luke*, 954 F.Supp. at 203. Therefore, as to the Rehabilitation Act claim, the motion to dismiss count four is granted with leave to amend and the individual defendants are dismissed with prejudice.

Similarly, the analysis of Hodge's Fourteenth Amendment claim is also applicable to her claim under the First Amendment. Again, plaintiff must avail herself of Section 1983 in order to allege a violation of a constitutional right, *see Golden Gate Hotel Ass'n*, 18 F.3d at 1486-1487, and she may not sue the school district other than for injunctive relief through a school official. *See Belanger,* 963 F.2d at 254; *Verizon Maryland, Inc.*, 535 U.S. at 645. However, as with the Fourteenth Amendment claim, the ambiguity in the FAC and in plaintiff's opposition makes it unclear in which capacity the individual defendants have been named. Therefore, as to the First Amendment claim, the motion to dismiss count four is granted with leave to amend, OUSD is dismissed with prejudice, and plaintiff is directed to indicate in which capacity she is suing the individual defendants.

As to the FAC's state law cause of action under California Education Code section 56046, defendants argue that Hodge failed to file a claim as required under California Government Code section 900, *et seq* (the "Claims Act").  In her opposition, plaintiff does not contest that her allegations under California Education Code section 56046 are subject to the Claims Act, but instead refers to "actions seeking redress… pursuant to the [Fair Employment and Housing Act]," which is inapplicable here, and includes two letters that purport to be her submitted "claim." The first is a letter from counsel to OUSD dated June 17, 2009, and the second is a response from OUSD dated July 2, 2009.

As an initial matter, the June 17 letter, which appears to be what the FAC refers to as the "personal letter to the Superintendent and general counsel," (FAC ¶ 54) is properly before the Court given "materials incorporated into the complaint by reference" may be considered when evaluating a motion to dismiss. *See Zucco Partners,* 552 F.3d at 989.  However, even taking this letter into account, the FAC fails to make sufficient averments in satisfaction of the statutory requirements.  Under the Claims Act, a "claim" against local public entities must include "(1) the names and addresses of the claimant and the person to whom notices are to be sent, (2) a statement of the facts supporting the claim, (3) a description of the injury *and* the amount claimed as of the time of presentation, and (4) the name(s) of the public employee(s) who caused the injury, if known." *Loehr v. Ventura County Community College Dist.*, 147 Cal. App. 3d 1071, 1082 (1983).  Moreover, although strict compliance with these elements is not required, a claim is only valid when it demonstrates "*some* compliance with *all* of the statutory requirements." *City of San Jose v. Superior Court*, 12 Cal. 3d 447, at 456-457 (1974) (emphasis in original).

Hodge's letter to OUSD, which appears to be more of an inquiry or informal complaint, fails to meet these statutory requirements; nothing in the letter suggests any amount of damages claimed, requests any particular form of relief, or even indicates that Hodge would be initiating litigation if her demands were not met. *See Green v. State Center Community College*, 34 Cal. App. 4th 1348, 1359 (holding that to trigger the notice requirement under the Claims Act, a claim must make it "readily discernible by the entity that the intended purpose of [the

9

1    correspondence] is to convey the assertion of a compensable claim against the entity which, if
2    not otherwise satisfied, will result in litigation."). Similarly, although the FAC includes an
3    averment that Hodge gave OUSD notice by filing a complaint with the Equal Employment
4    Opportunity Commission in 2006, the FAC pleads no factual allegations that would satisfy any,
5    let alone each, of the four elements of a "claim" articulated in *Loehr*.

6    In addition, defendants also argue that Hodge's claim under California Education Code
7    section 56046 fails because the statute provides no private right of action. In response, plaintiff
8    states in her opposition that "Cal. Ed Code 56046 protects whistleblowers and their First
9    Amendment right to assist disabled students without retaliation," (Opp. at 7) but provides no
10   argument, analysis or legal citations in support of this proposition. Without any thoughtful input
11   from plaintiff, the Court does not address the question of a private right of action under
12   California Education Code section 56046 in ruling on the motion to dismiss at this time.
13   However, because plaintiff has failed to show that she submitted a claim as required pursuant to
14   the Claims Act, the motion to dismiss count four as to Hodge's state law cause of action is
15   granted with leave to amend.

## V.  CONCLUSION

17   For the reasons stated above, the motion to dismiss is granted with leave to amend.
18   OUSD is dismissed with prejudice from count two, count three and, as to the First Amendment
19   claim, count four. The individual defendants are dismissed with prejudice from count one and,
20   as to the Rehabilitation Act claim, count four. Because the motion to dismiss has been granted, a
21   more definite statement is unnecessary, at least at this juncture. Therefore, the motion for a more
22   definite statement is denied.

24   IT IS SO ORDERED.

26   Dated: 07/07/2010

        _____
27      RICHARD SEEBORG
        UNITED STATES DISTRICT JUDGE