***E-Filed 10/19/2010***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

YVONNE HODGE,

Plaintiff,

v.

OAKLAND UNIFIED SCHOOL DISTRICT, BOARD OF EDUCATION as Trustees, KIM NOBLE, as an individual and in official capacity, LISA RYAN COYLE, as an individual and in official capacity, PHYLLIS HARRIS, in individual, IRIS WESSELMAN, as an individual and official capacity,

Defendants.
____________________________________/

Case No. C 09-04719 RS

**ORDER GRANTING MOTION TO DISMISS**

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

# I. INTRODUCTION

This is an employment discrimination action brought by plaintiff Yvonne Hodge against the Oakland Unified School District ("OUSD") and various individuals. On July 7, 2010 the Court issued an order granting a motion to dismiss Hodge's first amended complaint ("FAC") and denying a motion for a more definite statement filed by defendants OUSD, Anthony Smith, Board of Education ( "BOE"), Kimberly Noble, Lisa Cole, Iris Wesselman, and Roberta Mayor. Hodge filed her second amended complaint on July 26, 2010 (the "SAC"), naming as defendants OUSD, BOE (as "Trustees"), Noble (as an individual and in her official capacity), Cole (as an individual and in her official capacity), Wessleman (as an individual and in her official capacity) and Phyllis Harris (in her official capacity).[1]

Hodge's SAC alleges four separate counts: (1) violations of Title VII of the Civil Rights Act of 1964 ("Title VII") against OUSD; (2) injunctive and declaratory relief against Wesselman, Cole and Noble, (3) a violation of Section 504 of the Rehabilitation Act of 1973 as well as a violation of Hodge's First Amendment rights under Section 1983 of Title 42 of the U.S. Code ("Section 1983") against OUSD, and (4) violations of Section 1983 against Noble, Wesselman and Cole as individuals. Defendants OUSD, BOE, Noble, Cole and Wesselman move to dismiss (1) BOE as a defendant from this action and (2) count three to the extent it alleges a violation of Hodge's First Amendment rights under Section 1983.[2] The Court previously held that defendants' motion to dismiss is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the motion to dismiss is granted without leave to amend.

//

//

---

[1] Defendants Smith, Mayor, and Jack O'Connell, who were each named in the first amended complaint (the "FAC"), were not named as defendants in the SAC. Additionally, BOE, which was named "individually and as Trustees" in the FAC, was named only as "Trustees" in the SAC, and Phyllis Harris, who was named in both her individual and official capacity in the FAC, was named solely as an individual in the SAC. According to defendant's motion to dismiss filed on August 9, 2010, pro se defendant Harris is deceased.

[2] Defendants' motion to dismiss also requested that the Court dismiss count two of the SAC. Defendants withdrew their motion to dismiss count two, however, on September 9, 2010 when responding to Hodge's opposition to the motion to dismiss.

United States District Court
For the Northern District of California

## II. BACKGROUND

A complete recitation of the factual background of this case was provided in the Court's July 7, 2010 order and therefore need not be repeated here as the factual allegations made in the FAC remain largely unchanged. Count one of the SAC is substantially similar to that of the FAC, but now specifically names OUSD and omits the individual defendants. Counts two and three of the FAC have been incorporated into a single count (count two of the SAC) for injunctive and declaratory relief against Wesselman, Cole and Nobles as individuals. Count four of the FAC previously alleged a violation of the Rehabilitation Act, California Education Code section 56046, and Hodge's First Amendment rights, but failed to specify against which defendant(s). Count three of the SAC now specifies OUSD as the named defendant and alleges a violation of the Rehabilitation Act as well as Hodge's First Amendment Rights pursuant to Section 1983. Hodge has also added count four to the SAC, alleging a violation of Section 1983 against Noble, Wesselman and Cole as individuals.

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 US 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-

United States District Court
For the Northern District of California

moving party. *Twombly*, 550 US at 570). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 US at 555 ("threadbare recitals of the elements of the cause of action, supported by mere conclusory statements," are not taken as true)).

III. DISCUSSION

A. Board of Education

Hodge acknowledges in her opposition to the motion to dismiss that defendant BOE was improperly named in the caption and requests that the Court remove it from the SAC. Accordingly, BOE is dismissed with prejudice as a defendant from this action.

B. Count Three

Despite the Court's July 7, 2010 order as to the First Amendment claim dismissing OUSD with prejudice, the SAC alleges that "Defendants violated Hodge's First Amendment rights under 42 U.S.C. Section 1983 by excluding her from applying to summer school in 2009 and 2010." SAC ¶ 73. As the Court previously held, to state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987). Nevertheless, even where those two elements are met, not every injury in which a governmental agency played a role is actionable under Section 1983. This is because the Eleventh Amendment to the United States Constitution precludes suits against a state, state entity or state official sued in her official capacity, unless the state has waived its immunity or Congress has exercised its power to override that immunity.[3] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-71 (1989). While the Eleventh Amendment does not bar suits against cities and counties, which are not arms of the state, *see Mt. Healthy*

[3] Congress may provide for private suits against states or state officials which are constitutionally impermissible in other contexts, as it has done with Title VII. *See Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976) (Title VII's authorization of federal-court jurisdiction to award money damages against a state government to individuals subjected to employment discrimination does not violate the Eleventh Amendment since Congress was exercising its § 5 remedial powers).

United States District Court
For the Northern District of California

*City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977), the Ninth Circuit has held that California school districts *are* state agencies, and therefore are immune from suit in federal court. *See Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 254 (9th Cir. 1992); *O.H. v. Oakland Unified School Dist.*, No. C-99-5123 JCS, 2000 WL 33376299 at *3 (N.D. Cal. Apr. 14, 2000).

Moreover, in her opposition to the motion to dismiss, Hodge ignores the First Amendment claim and simply addresses the claim under the Rehabilitation Act, which defendants are not moving to dismiss. Therefore, the SAC's First Amendment in count three is dismissed without leave to amend.

V. CONCLUSION

For the reasons stated above, the motion to dismiss is granted without leave to amend.

IT IS SO ORDERED.

Dated: 10/19/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE