IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YVONNE HODGE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT, and others,<br><br>　　　　Defendants. | Case Number 09-cv-04719 RS (NC)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS**<br><br>Re: Docket Nos. 92, 93 |

Plaintiff Hodge moves to compel (i) an accurate list of aides assigned to ESY in 2008; and (ii) a supplemental deposition under Fed. R. Civ. P. 30(b)(6) limited to the topic of the "names, age, race, and credential of teachers hired for Extended School Years 2008, 2009, 2010, and 2011."

## FURTHER "MEET AND CONFER" IS REQUIRED

The parties have not satisfied the "meet and confer" requirement before presenting this discovery dispute to the Court. Civil Local Rule 1-5(n) provides that "meet and confer" means to communicate "directly and discuss in good faith the issue(s) required under the particular Rule or order." Further, "mere sending of a written, electronic, or voice-mail communication, however, does not satisfy" the requirement. This requirement "can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation."

Case No. 09-cv-04719 RS (NC)
ORDER RE MOT. COMPEL, SANCTION

Here, Hodge's motion followed "conferring" with the District's counsel by email and voicemail only. There is no evidence of a "direct dialogue and discussion." Civil L.R. 1-5(n).

It is therefore ordered that the parties' counsel by November 9 at 5:00 p.m. shall engage in a direct dialogue concerning the issues raised in Hodge's motion. The parties shall jointly file a supplemental brief by November 14, (i) detailing the completion of the meet and confer process; (ii) identifying any issues that remain in dispute; and (iii) identifying efforts at compromise.

## RUSK DEPOSITION

The Court offers some preliminary views to guide the discussions about the further deposition. On September 9, District Counsel agreed to produce John Rusk for a supplemental 30(b)(6) deposition about a report concerning age, race, and credentials of teachers who worked ESY in 2009-2011. Doc. 92-3. The Court's September 26 Order (Doc. 90) did not address this issue. If the District agreed to the deposition, the Court is not aware why the deposition should not go forward as agreed.

## PISANI DECLARATION

Finally, the Court reviewed the Declaration of John Pisani, which documented the District's compliance with document requests in this case. Doc. 92-1. The Court finds the disclosure that Mr. Pisani reviewed emails of "various individuals" to be overly vague. Doc. 92-1 at Par. 1(d). The District shall supplement the Pisani declaration by November 14 by adding the names of the email accounts searched and the method of search. In other words, if Pisani read every email, he should say so, and if he used a search tool, he should describe the search process.

## SANCTIONS MOTION UNDER CONSIDERATION

The Court may consider Hodge's Motion for Sanctions (Doc. 93) after reviewing the parties' supplemental meet and confer submission.

## NOVEMBER 30 HEARING VACATED

Finally, the November 30 hearing on Hodge's motions to compel and for sanctions is VACATED. The Court may reset the hearing after reviewing the meet and confer

Case No. 09-cv-04719 RS (NC)
ORDER RE MOT. COMPEL, SANCTION    2

1 | submission. The Court desires no further briefing on the motions to compel and for
2 | sanctions, except as expressly requested in this Order.

     IT IS SO ORDERED.

DATED: November 2, 2011

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 09-cv-04719 RS (NC)
ORDER RE MOT. COMPEL, SANCTION    3